## SOUTHERN DEPARTMENT—WESTERN DIVISION.
## SEPTEMBER TERM, 1896.

### John D. McFall *et al.* v. Robert W. Murray.
#### No. 77.

1. Mortgage of Homestead—*Foreclosure—Pleadings.* Where a suit is brought on a promissory note and coupon notes and for a decree to foreclose a mortgage given to secure the payment, and the petition alleges that the notes and mortgage were executed and delivered on or about the 1st day of July, 1887, and the defendants, in answer to the petition, admit the execution and delivery of the note, coupon notes, and mortgage, but to avoid the mortgage allege that at the date of the alleged execution thereof the title to the land was in the United States government, and the defendants had a homestead right thereto under the homestead laws of the United States, and for a reply to the answer the plaintiff alleges that the notes and mortgages were actually executed and delivered on the 30th day of November, 1887, and after the defendants had filed their final proof of settlement, residence, improvement, nonalienation, and claimed a right to commute the homestead right to a cash entry, *held*, that the reply is not a departure from the original cause of action.

2. Note—*Evidence of Execution.* Where, for any cause a note, mortgage, or other written instrument does not set forth the true date of its execution, the actual time of its execution may be alleged and proved on the trial, and the fact that the note and mortgage were postdated does not affect their validity.

3. Findings, *When Conclusive.* Where a case is tried before the court without a jury, and the court makes findings of fact, and the findings are supported by the evidence, the findings are conclusive of the facts in the case.

4. Mortgage, *Held Valid..* Where a person having a homestead right to a quarter-section of land under the homestead laws of the United States has made settlement and improvements thereon, and has filed his final affidavits in the proper land-office, showing his settlement, residence, improvements, and nonalienation thereof, and also his affidavit of his right to commute the same to a cash entry, under section 2301, Revised Statutes of the United States, and afterward executes a mortgage on the land to procure money to pay the commutation price, *held*, that said mortgage is valid.

MEMORANDUM.— Error from Finney district court; A. J. ABBOTT, judge. Action by Robert W. Murray against John D. and Mary C. McFall to foreclose a mortgage. Judgment for plaintiff. Defendants bring the case to this court. Affirmed. The opinion herein, filed September 3, 1896, states the material facts.

*S. J. Ramsey*, for plaintiffs in error.

*Beardsley, Gregory & Flannelly*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: Robert W. Murray commenced this suit in the district court of Finney county, Kansas, on a promissory note executed by John D. McFall and Mary C. McFall to the Jarvis-Conklin Mortgage Trust Company for $500, bearing date July 1, 1887, due in five years from date, with interest coupons attached, payable semiannually; the note was secured by a mortgage on the southwest quarter of section 9, township 22, range 31, in Finney county, Kansas.

Before the maturity of the note or coupons thereto attached, the plaintiff below, Robert W. Murray, for a valuable consideration, purchased said note and mortgage, and the same were duly assigned and transferred to him by the Jarvis-Conklin Mortgage Trust Company, and he is the legal owner and holder of the note, coupons, and mortgage. Said note and mortgage have a stipulation contained therein that, in case either principal or interest remain unpaid 10 days after due, at the option of the legal holder, the whole principal and interest may be declared immediately due and payable. John D. McFall and Mary C. McFall failed and neglected to pay the second and third

interest coupons when they became due and payable, and failed for more than 10 days after they were due to pay the same. Robert W. Murray, the legal holder and owner of the note and mortgage, declared the whole amount of principal and interest of said promissory note due, and commenced this suit to recover the principal and interest due on said note, and for a decree of foreclosure of said mortgage and an order for the sale of the mortgaged premises to pay the sum of money for which it was given to secure.

In answer to the petition of the plaintiff below, John D. McFall and Mary C. McFall admitted the execution and delivery of the note, coupons, and mortgage, as set out and claimed by the plaintiff below, but alleged that the promissory note, coupons and said pretended mortgage were executed in pursuance of a contract entered into by and between them and the Jarvis-Conklin Mortgage Trust Company for that purpose long prior to the date of said note, coupon notes, and pretended mortgage, to wit, prior to the 1st day of July, 1887 ; that the title to the real estate set out and described in the petition of plaintiff below was at the time of contracting said debt, and at the time of execution of said note, coupons, and pretended mortgage, and a long time thereafter, in the United States government, and that neither they, nor either of them, had any title thereto, nor had they, or either of them, any conveyable interest therein ; that at the time of the execution of said note, coupon notes and mortgage by them as aforesaid said real estate was the homestead claim of the said John D. McFall, under and by virtue of the United States homestead law; that said defendant John D. McFall made final proof of settlement, residence and qualification entitling him to a patent on the 5th day of December, 1887, and not

before that time — a period of time long after the time of the execution of said note, coupon notes, and the mortgage, and they ask judgment against Murray that said mortgage be set aside, canceled, and held for naught.

In reply to this answer the plaintiff below says, that the note, coupon notes and mortgage were executed and delivered to the mortgagee after the affidavit of final proof showing that the compliance of John D. McFall with the requirements of the United States statutes had been made and sworn to by him, and that the note and mortgage were executed for the purpose of obtaining money to pay the United States government the purchase-price of the land conveyed by said McFall, and for the further purpose of stocking and improving said land, and that the proceeds of said loan were actually so applied; and alleges further, that after the issuance of the final receipt for the purchase-price of said land, and after the issuance of certificates of purchase by the United States land office, John D. McFall and Mary C. McFall executed and delivered, for a valuable consideration, to the said Jarvis-Conklin Mortgage Trust Company a deed of ratification confirming and ratifying the mortgage loan sought to be foreclosed, and sets out a copy of the deed of ratification, dated on the 29th day of December, 1887, and duly acknowledged before a notary public of Finney county, Kansas.

Upon the foregoing issues this case was tried before the court without a jury, and the court made special findings of fact and conclusions of law therein. The court finds upon the evidence that the note and mortgage were actually executed on the 30th day of November, 1887, and after the date of the final affidavit of John D. McFall in his proof to the United States land-

office concerning entry, settlement and residence on the southwest quarter of section 9, township 22, range 31, in Finney county, Kansas; also finds that the proof of settlement and residence was made on the 26th day of September, 1887; and finds further, that John D. McFall made his final affidavit of right to commute, under section 2301 of the Revised Statutes of the United States, on the 16th day of November, 1887; that payment of the money to the United States government was made on the 5th day of December, 1887, and that the final certificate for the entry of said land by commutation was issued December 5, 1887.

As conclusions of law upon said findings of fact, the court concluded that the plaintiff below was entitled to recover the amount claimed in his petition on the note and mortgage, and rendered judgment for the plaintiff below for the amount due on the note and coupon notes, and also rendered decree of foreclosure foreclosing the mortgage and ordering a sale of the mortgaged premises. To the findings of fact and conclusions of law and judgment of the court the McFalls duly excepted, filed motion for new trial, which was overruled and exceptions taken, and now bring the case here and ask for a reversal of the judgment of the district court.

The plaintiffs in error specify eight separate errors in their brief and ask the consideration of the court thereon. We will consider so much of the assignments as we deem material to a complete determination of this case. It is insisted that the note and mortgage bear date of July 1, 1887, and the plaintiff below in his petition alleges that they were executed on that date, and the defendants below in their answer admit that they were executed and delivered as alleged, and then allege that at the date of their exe-

cution they were not the owners of the land mort-gaged and had no mortgageable interest therein; that the land mortgaged was then claimed by John D. Mc-Fall under the homestead laws of the United States; and the plaintiff below in his reply alleges that the note, coupon notes and the mortgage were not actually executed until November 30, 1887, at a period after the affidavit of said John D. McFall had been made and filed claiming the right to commute his home-stead claim to a preemption right and to prove up his settlement and pay the government price of $1.25 per acre for the land.

It is claimed by the allegation in the reply that the plaintiff below had departed from his origiлal cause of action, and the defendants below were entitled to a judgment on the pleadings. Was this a departure from the original cause of action? If so, in what did the departure consist? The action was based on the note, coupon notes, and for a foreclosure of the mort-gage given to secure the payment of the note and coupons. The reply was not a departure from the original action, which was for the same note, coupons, and foreclosure of mortgage, but simply stating that they were actually executed and delivered at a later date than appears upon the face of the note and mort-gage. It is always permissible to allege and prove that the note, mortgage or any other written instru-ment was not actually executed on the day set forth in the written instrument. Sometimes a wrong date is inserted by mistake. Sometimes notes and other written instruments are antedated, and sometimes postdated, for some good or sufficient reason; and it is always proper to allege the true date at which they were executed and prove the facts as they exist. It would have been no variance between the allegations

in the petition and the proof if the plaintiff below, without filing the reply, had proceeded to a trial of the case, and shown by proof that the note and mortgage sued on were actually executed on the 30th day of November, instead of July 1.

The plaintiffs in error seem anxious to show that they were attempting to commit a deliberate fraud in this transaction. They covenanted and agreed in this mortgage that at the date of its execution and delivery they were the owners of the land mortgaged, and were seized of a good and indefeasible estate of inheritance therein, free and clear from all incumbrances, and that they would warrant and defend the same in the quiet and peaceable possession of the mortgage and its assigns forever against all lawful claims. After making this mortgage they allege that the said John D. McFall procured the title to the same under the homestead and preemption laws of the United States, and to do this he would have to make an affidavit that he had improved the land, and that he and his family had resided thereon for so long, and that no part of such land had been alienated, and that it was for his own benefit; that he had made no contract by which the title would inure to any other person. The note, coupons and mortgage were either executed after the making and filing of this affidavit, or he committed wilful and deliberate perjury in his sworn statement to the United States land-office.

It is also urged that the court erred in the admission of evidence, over the objection of the defendants below, to prove the actual date of the execution of the note and mortgage sued on. There was no error in the admission of this evidence. The execution of the note and mortgage in suit were admitted by the plaintiffs in error in their answers, and they were seeking

to avoid the payment of the note and the foreclosure of the mortgage, for the reason that, by the date appearing on the face of the note and mortgage, the title to the land mortgaged was in the United States government, and was then claimed by John D. McFall as a homestead claim, under sections 2289 and 2290 of the Revised Statutes of the United States.

Plaintiffs in error contend that the finding of the court that the note and mortgage sued on were executed on the 30th day of November, 1887, is not sustained by sufficient evidence, and is contrary to the evidence.

Lilah M. Likens testified, that in November, 1887, he was in the employ of the Jarvis-Conklin Mortgage Trust Company, of Kansas City, Mo.; that he was employed in writing notes and mortgages on loans made by it, and it was part of his duty to write and send out notes and mortgages for execution when loans had been made, and to note the date at which they were sent out, and to keep a register of the proceedings in each loan; that on November 26, 1887, he prepared and sent the note and mortgage in the John D. McFall loan, for $500, and mortgage on the southwest quarter of section 9, township 22, range 31, in Finney county, Kansas, to J. A. Flesher, at Garden City, to be signed by John D. McFall and Mary C. McFall; that the note and mortgage were sent out by him from Kansas City on November 26, 1887, for signing. The certificate of acknowledgment on the mortgage is dated by the notary public November 30, 1887, and states that John D. McFall and Mary C. McFall appeared before him on that day and duly acknowledged the execution of the same. It is also shown that the draft upon which this loan was paid was paid by the Jarvis-Conklin Mortgage Trust Company

36—4 KAN. APP.

on the 3d day of December, 1887.    The evidence shows that the note and mortgage were not prepared until November 26, and were signed November 30.    This evidence is undisputed.    The evidence shows conclusively that the note and mortgage were actually executed on that date, and the findings of the court are fully sustained by the evidence and strictly in accordance with the evidence.

The final contention of the plaintiffs in error is that the court erred in overruling the motion of the defendants below for judgment against the plaintiff below for costs on the special findings of fact.    The claim is that the court found that the note and mortgage sued on were executed prior to the time of the ripening of McFall's title to the land and at a time when the title to the same was in the United States government; that the validity of the mortgage depends upon the United States homestead law.

The court found that the note and mortgage sued on were actually executed on the 30th day of November, 1887, and after the date of the final affidavit of John D. McFall in his proof before the United States land-office concerning the entry, settlement and residence on the southwest quarter of section 9, township 22, range 31, in Finney county, Kansas; that the final proof of settlement and residence was made on the 26th day of September, 1887, and that he made his final affidavit of right to commute under section 2301, Revised Statutes of the United States, on the 16th day of November, 1887, and the payment of the money to the United States government was made December 5, 1887, and the final certificate for the entry on the land by commutation was issued on that date.

The real and controlling question in this case is

whether a mortgage on real estate is valid when given to secure the loan of money to pay the government the commutation price for such land, executed and delivered after the final proof of settlement, improvement, residence, and nonalienation — a right to commute the homestead under section 2301, Revised Statutes of the United States. This section allows the homestead settler to commute his homestead right into a cash entry by paying the minimum price for the quantity of land so entered at any time before the expiration of five years, and obtain a patent therefor from the government, as in other cases directed by law, on making proof of settlement and cultivation as provided by the law granting preemption rights. This mortgage must be held valid unless it is prohibited under the homestead laws of the United States. There is no express prohibition in the law of the United States respecting the homestead of public land against the alienation of the same. The only thing standing in the way of alienation before the title is finally obtained is the affidavit that the claimant is required to make in order to perfect his homestead and procure a patent for the land. Section 2291, Revised Statutes of the United States, reads :

"No certificate, however, shall be given or patent issued therefor until the expiration of five years from the date of such entry ; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry . . . proves by two credible witnesses that he, she or they have resided upon and cultivated the same for a term of five years immediately succeeding the time of filing the affidavit, and makes affidavit that no part of such land has been alienated, . . . he, she or they . . . shall be entitled to a patent as in other cases provided by law."

Where the party has made the affidavits required by this section and the one required by section 2301 he has done all that is required of him to obtain a patent for the land, except the payment of the commutation money. After these affidavits have been made and filed in the land-office there is no prohibition, either by express terms or by implication. If the settler has not made any alienation of the land before making this proof, he would not be committing perjury. If the affidavits were true, he would be guilty of no wrong. He could then use the land in securing the money to pay the government the price of the land by commutation.

Under the homestead act, no patent can issue until the expiration of five years from the time the land is taken by the homestead settler; but when the claimant has made a settlement, improved the land, and resided on it, he may at any time before the expiration of the five years have his rights commuted and obtain a patent for the land by paying the minimum government price therefor, and when he has thus perfected his right to a patent he is not required to wait until the patent has been issued before he can alienate the same either by deed or mortgage.

This mortgage, being executed after the final proof of settlement, improvement, and right to commute, was valid, and there was no error in overruling the motion for judgment against the plaintiff below for the amount due on said note, and decreeing a foreclosure of the mortgage and a sale of the mortgaged premises.

The judgment of the district court is affirmed.

All the Judges concurring.