No. 46,383

FLETT CONSTRUCTION COMPANY, INC., *Appellee*, v. DON E. WILLIAMS, *Appellant*.

(500 P. 2d 54)

Opinion filed July 19, 1972.

*Felix G. Kancel, Jr.* and *Daniel B. Denk*, of Kansas City, were on the brief for the appellant.

*Donald W. Vasos*, of Scott, Daily and Vasos, of Kansas City, was on the brief for the appellee.

*Per Curiam:* Flett Construction Company, Inc. (appellee-plaintiff) recovered a judgment after a jury trial in the amount of $7,676.12, plus interest, on a promissory note executed by Don E. Williams (appellant-defendant). Defendant admitted the execution of the note and his nonpayment thereof, but sought to prove an accord and satisfaction.

Defendant was president and majority stockholder of Personal Service Garage, Inc. In December 1965, the corporation's account with plaintiff, carried in the name of Williams, showed a balance due of $22,676.12 representing material furnished for a trailer park being developed by defendant. Flett had filed a mechanic's lien against the real estate.

Plaintiff's version of the facts, which must have been accepted by the jury, was to the effect that defendant wanted to secure the release of the mechanic's lien to facilitate financial arrangements. Williams offered to pay $15,000 cash and execute a personal promissory note for the balance of $7,676.12. Plaintiff prepared a note bearing the date of December 20, 1965, but offered evidence that Williams did not appear to sign the note until December 22, 1965, at which time plaintiff executed a release as to Personal Service Garage, Inc., and a release of the mechanic's lien. Repeated efforts to collect on the note failed, though defendant did not deny his obligation on the note, and plaintiff ultimately brought this action. Defendant's position was that the note was executed December 20, 1965, as it recited, and that the payment of $15,000 cash two days later with the attendant releases constituted an accord and satis-

faction between the parties which extinguished any obligation on the note.

Defendant complains on appeal of the trial court's instructions regarding release and accord and satisfaction. The jury was instructed as follows:

"11.

"A release is in itself a contract whereby one party, for something of value known as 'consideration,' gives up some right or claim he has against another. Whether there was a release of any obligation in this case is a question of fact for you to determine." (PIK Civil 1968 Supp. 18.13b.)

"12.

. . . . . . . . . . . . . . .

"An accord is a contract between creditor and debtor for the settlement of the claim by some performance other than that which is due. Satisfaction takes place when the accord is performed. Whether there was a release of any obligation in this case is a question of fact for you to determine.

"13.

"If the plaintiff did not intend or understand that the claimed consideration was to operate as a release or satisfaction, there could be no contract of release or accord and satisfaction."

At the argument on the instructions, defendant requested an instruction to the effect that the release of one of the obligors would automatically release the other obligor as a matter of law, regardless of the intention of Flett Construction Company, as would appear to be the meaning of instruction No. 13. If Williams and Personal Service Garage, Inc. are considered joint debtors, K. S. A. 16-105 prevents the release of Personal Service Garage from releasing Williams. Defendant, however, points to evidence that Flett treated Williams and Personal Service Garage, Inc. as one and the same, and suggests that if this is true, then the release of Personal Service would release Williams.

This argument overlooks the fact that an essential question for the jury was whether it believed plaintiff's contention that the note was signed two days after its date, at the same time the releases were .executed. The date of an instrument is one of its formal parts and parol evidence is admissible to show that the instrument was executed on a different date. (*Elias Shelton v. Jeremiah Dunn,* 6 Kan. 128; *West v. West,* 135 Kan. 223, 9 P. 2d 981; *McFall v. Murray,* 4 Kans. App. 554, 45 Pac. 1100.) The jury could properly find that the note was executed contemporaneously with the releases. Further, the jury could logically find that the release was not intended to apply to the note, and that no accord was ever reached by the parties. An accord and satisfaction must be con-

summated by a meeting of the minds of the parties and must be shown that he understood that he was so doing. See *Harrison v. Henderson,* 67 Kan. 194, 72 Pac. 875. For this reason, appellant's requested instruction would not have been proper. The extent of the release here was a question for the jury. (*Vigneron v. List & Hallett Construction Co.,* 130 Kan. 676, 288 Pac. 570.)

Appellant also requested an addendum to instruction No. 11 to the effect that if there was a dispute between the parties regarding the amount due, then an agreement to accept less than the sum claimed due by plaintiff would be sufficient consideration to support the release between the parties. The only evidence that the account was disputed was the testimony of Williams himself and there was testimony to the contrary.

Assuming that a disputed account is a necessary element of an accord and assuming an instruction similar to that requested by defendant would have been proper *Amino Brothers Co., Inc. v. Twin Caney Watershed District,* 206 Kan. 68, 476 P. 2d 228, no conceivable prejudice could have inured to defendant in the failure to give the instruction. Defendant bore the burden of proving an accord. Under his proposed instruction, he would have had to prove that the account was in dispute in addition to proving an agreement by the parties entering into an accord. Under the instructions as given, defendant could prevail by showing only that the parties had reached agreement as to an accord with the payment of $15,000 by Williams without having to show the existence of a disputed account, the settlement of which would be sufficient consideration for the accord. The jury's verdict plainly evidenced its determination that no accord was reached. The failure to give the requested instruction could not have prejudiced defendant.

Defendant's other objections to the instructions were not presented to the trial court. They may not be considered for the first time here. (*Underwood v. Missouri-Kansas-Texas Rld. Co.,* 191 Kan. 338, 381 P. 2d 510; *Boucher v. Roberts,* 187 Kan. 675, 359 P. 2d 830.)

On the few disputed issues the jury by its verdict found for the plaintiff. The verdict of the jury is supported by substantial competent evidence.

The judgment of the trial court is affirmed.