Russell L. SWARTHOUT, Plaintiff-Appellant,

v.

**MICHIGAN BELL TELEPHONE COMPANY, Defendant-Appellee.**

No. 74–1226.

United States Court of Appeals, Sixth Circuit.

Decided Oct. 22, 1974.

---

Russell L. Swarthout, Edward V. Boggs, Detroit, Mich., for plaintiff-appellant.

Addison D. Connor, Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for defendant-appellee.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

The district court granted appellee's motion for summary judgment on the ground that the statute of limitations bars appellant's claim that between January, 1963, and April, 1968, appellee intercepted, divulged or published certain of appellant's telephonic communications in violation of 47 U.S.C. § 605 (1970). Even assuming, without deciding, that appellant properly pleaded the Michigan fraudulent concealment statute, Mich. Comp. Laws Ann. § 600.5855 (1968), and that appellant had no reason to discover his claim prior to December, 1968, we affirm.

The Federal Communications Act provides for a one-year statute of limitations on claims, other than those for overcharges, against carriers. 47 U.S.C. § 415(b) (1970). See Chaps v. Michigan Bell Tel. Co., No. 20,476 (6th Cir. filed Jan. 8, 1971) ; see also Ward v. Northern Ohio Tel. Co., 381 F.2d 16 (6th Cir. 1967), aff'g 251 F.Supp. 606 (N.D.Ohio 1966). Assuming that appellee fradulently concealed appellant's claim until December, 1968, and assuming that such fraudulent concealment tolled the one-year statute of limitations (compare Louisville & Nashville R.R. v. Disspain, 275 F.2d 25 (6th Cir. 1960) with United States v. Borin, 209 F.2d 145 (5th Cir.), cert. denied, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954)), the period of the statute still would have expired in December, 1969, more than three months prior to appellant's filing of his claim.

We reject appellant's attempted use of the Michigan fraudulent concealment statute to avoid appellee's statute of limitations defense. Using such a state statute would defeat the national uniformity Congress intended in enacting the one-year statute of limitations. See Burnett v. New York Central R.R., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), rev'g 332 F.2d 529 (6th Cir. 1964) ; Prather v. Neva Paperbacks, Inc., 446 F.2d 338 (5th Cir. 1971) ; Hale v. Ralston Purina Co., 432 F.2d 156, 158 (8th Cir. 1970).

Affirmed.