JOE HAND PROMOTIONS, INC.

v.

Larry W. LOTT, et al.

No. Civ. A. 96-2429.

United States District Court,
E.D. Louisiana.

May 6, 1997.

David O. Mooney, Baton Rouge, LA, for plaintiff.

Brett J. Prendergast, New Orleans, LA, for defendants.

## ORDER AND REASONS

BERRIGAN, District Judge.

This matter is before the Court on defendants' motion to dismiss. Having reviewed the parties' memoranda, the record, and the applicable law, the Court grants the motion.

Plaintiff, Joe Hand Promotions, Inc., is a Pennsylvania corporation involved in distributing pay-per-view programming. The suit arises out of the alleged illicit televising of the Whitaker–Vasquez boxing match on March 5, 1995, by defendants, Larry Lott, T.R.J. Inc., Tiffany Saucier, Jason Saucier, BarFlies, Inc., Scott Craig, Russell Tusa, and Nettie A. Vidrine, in various Louisiana bars. Plaintiff claims that defendants violated its rights to distribute the Whitaker–Vasquez fight through closed circuit television. Accordingly, plaintiff filed suit against defendants on July 22, 1996. Plaintiff has brought two claims against defendants. In Count I, plaintiff claims that defendants illicitly intercepted and showed the fight, violating 47 U.S.C. § 605. In Count II, plaintiff alleges that defendants committed the tort of conversion by intercepting and exhibiting the fight.

Defendants have brought a motion to dismiss plaintiff's suit on the basis that the claims are prescribed.

### Discussion

#### I. Standard of Review

Defendants bring their motion under Federal Rule of Civil Procedure 12(b)(6). While plaintiff does not raise any procedural objection to the motion, the Court notes that a Rule 12(b) motion must be filed prior to the answer. Defendants filed this motion to dismiss on March 18, 1997, after they had already filed their answers to plaintiff's complaint.[1]

Federal Rule of Civil Procedure 12(c) offers an appropriate avenue for the substance of defendants' post-answer motion to dismiss. See 5A Wright & Miller, Fed.Prac. and Proc.: Civil 2d § 1367. Wright and Miller notes, "The Rule 12(c) procedure also may be of value when the statute of limitations provides an effective bar against plaintiff's claim and the entire controversy may be disposed of by a pretrial summary motion." Id. The Court finds it appropriate in this matter to consider defendants' motion as a motion for judgment on the pleadings, particularly in light of plaintiff's lack of procedural objection to defendants' motion to dismiss.

The standard of review for a motion for judgment on the pleadings is similar to that

---

1. The last answer was filed on January 29, 1997. (Rec.Doc. 9).

under Rule 12(b)(6)—a court must "look only at the pleadings and accept them as true." *St. Paul Ins. of Bellaire v. AFIA Worldwide Ins. Co.,* 937 F.2d 274, 279 (5th Cir.1991). The district court in *Park Center, Inc. v. Champion Int'l Corp.,* 804 F.Supp. 294, 301 (S.D.Ala.1992), summarized the standard of review for a motion for judgment on the pleadings:

> On a motion for judgment on the pleadings, Federal Rule of Civil Procedure requires the Court to view the pleadings in the light most favorable to, and to draw all reasonable inferences in favor of, the non-movant. The Court may grant judgment on the pleadings if it appears beyond doubt that the non-movant can plead or prove no set of facts in support of his claim which would entitle him to relief. Judgment on the pleadings is also appropriate where material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. The Court may grant judgment on the pleadings only if, on the admitted facts, the moving party is clearly entitled to judgment.

(citations omitted); see also *Greenberg v. General Mills Fun Group, Inc.,* 478 F.2d 254, 256 (5th Cir.1973) (comparing motion for judgment on the pleadings to motion for summary judgment); Wright & Miller, Fed. Prac. and Proc: Civil 2d § 1368.

### II. Procedural Posture of the Limitations Defense

The Court also notes that while defendants seek dismissal based upon prescription grounds, defendants failed to plead this defense in their answers. Under Federal Rule of Civil Procedure 8(c), statute of limitations defenses must be affirmatively pled. Plaintiff raises no objection to defendants' failure to plead the limitations defense.

In *Sanders v. Department of the Army,* 981 F.2d 990 (8th Cir.1992), the Eighth Circuit faced a similar situation of an omitted Rule 8(c) defense. The *Sanders* court found that the motion to dismiss, which expressly raised the limitations defense, provided suffi-

cient notice to the plaintiff. *Sanders,* 981 F.2d at 991. Because of this notice, the court found that it was unnecessary for the district court to require the "meaningless formality" of an amended answer. Id. Accordingly, it was appropriate for the district court to consider the limitations defense when it decided the motion to dismiss. Id.

■ Similarly in this case, defendants' motion to dismiss expressly presents the limitations defense as the sole basis for dismissal. Plaintiff's opposition deals substantively with the limitations issue and does not argue any prejudice from the failure of defendants to plead a limitations defense in their answers. The Court finds that sufficient notice exists in this case and that amendment of defendants' answers is unnecessary. Thus, the Court appropriately considers the limitations issue at this time.

### III. 47 U.S.C. § 605

Defendants first seek dismissal of plaintiff's claim brought under 47 U.S.C. § 605. Section 605 allows private parties to file suit for unauthorized interception and display of radio communications. Defendants argue that dismissal of this claim is appropriate because the claim is prescribed.

In regards to this prescription defense, the Court first looks to see if an explicit limitations period governs section 605. See *North Star Steel Co. v. Thomas,* 515 U.S. 29, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995). Defendants argue that section 605 lacks an explicit statute of limitations. Plaintiff, on the other hand, argues that its section 605 claim is expressly governed by the two-year limitations period of 47 U.S.C. § 415.

In regards to plaintiff's argument, the Court notes that section 415 only addresses actions for recovery of charges by a carrier or recovery of damages against a carrier. The definitions for Title 47 are contained in section 153.[2] Section 153(h) states,

> "Common carrier" or "carrier" means any person engaged as a common carrier for hire, in interstate or foreign radio transmission of energy, except where reference is made to common carriers not subject to

---

**2.** Section 415 does not specially define "carrier."

this chapter; but a person engaged in radio broadcasting shall not, insofar as such person is so engaged, be deemed a common carrier.

■ Plaintiff offers no reason why it should be considered a carrier, and the Court finds that it is not a carrier under Title 47. Inter alia, the Court notes that television and radio broadcasters generally are not considered carriers under Title 47's definition. E.g., *United States v. Radio Corp. of America*, 358 U.S. 334, 348–49, 79 S.Ct. 457, 466, 3 L.Ed.2d 354 (1959). Furthermore, the only case that plaintiff cites which purportedly applied section 415 to a section 605 action is *Pavlak v. Church*, 727 F.2d 1425 (9th Cir. 1984). However, *Pavlak* involved a suit against a telephone carrier. In fact, all the section 415 cases that plaintiff cites involved suits against telephone carriers (i.e., *Pavlak*; *Swarthout v. Michigan Bell Tel. Co.*, 504 F.2d 748 (6th Cir.1974); *Ward v. Northern Ohio Tel. Co.*, 251 F.Supp. 606 (N.D.Ohio 1966), aff'd, 381 F.2d 616 (6th Cir.1967)). The Court finds that section 415's statute of limitations regarding carriers is inapplicable to plaintiff.

Accordingly, the Court finds that there is no explicit statute of limitations for plaintiff's section 605 claim. Because of the lack of a limitations period, defendants assert that the Court should look to the most analogous state prescription period. Plaintiff on the other hand, argues that the Court should look first to analogs in federal law.

■ The Supreme Court's decision in *North Star* clearly addresses this situation, where a federal law lacks an explicit limitations period. The Supreme Court stated that although courts have borrowed from both state law and federal law, state law is clearly preferred—"our practice has left no doubt about the lender of first resort." *North Star*, 515 U.S. at 33–34, 115 S.Ct. at 1930. Federal law is a "secondary lender," which provides "a closely circumscribed ... [and] narrow exception to the general rule." Id. After reviewing past caselaw, the Supreme Court concluded that federal law is

irrelevant unless state law frustrates federal policy—it held, "Since, then, a state counterpart provides a limitations period without frustrating consequences, it is simply beside the point that even a perfectly good federal analogue exists." Id., 515 U.S. at 37, 115 S.Ct. at 1932.

Plaintiff argues that *North Star* is distinguishable because the Supreme Court found the tradition of borrowing a state statute "longstanding" when the relevant statute in that matter was passed by Congress. Plaintiff notes that the statute in that matter was passed in 1988, while Title 47 was passed in 1934. However, this distinction is immaterial even if the Court were to consider plaintiff's private cause of action as dating back to the passage of the Communications Act of 1934.[3] In the discussion that plaintiff cites, the Supreme Court noted that the tradition of looking to state law dates back to the 1830s. *North Star*, 515 U.S. at 33–34, 115 S.Ct. at 1930.

■ Accordingly, under *North Star*, this Court first looks to state law to see if there are any analogous limitations periods, and if so, if such periods would cause "frustrating consequences" to federal policy. The parties proposed three potential state law analogs: 1) plaintiff proposes Louisiana's two-year criminal limitations period for avoiding payment for television services; 2) plaintiff proposes Louisiana's ten year residual statute of limitations for personal actions; and 3) defendants proposed Louisiana's one-year limitations period for tort actions.

### a. Louisiana's two-year misdemeanor limitations period

Plaintiff argues that the most analogous statute of limitations is the limitations period applicable to Louisiana Revised Statute 14:221—i.e., the two-year limitations period for misdemeanors set forth by Louisiana Code of Criminal Procedure article 572(2). Section 221 criminalizes certain acts to avoid payment for fraudulently receiving signals

---

**3.** The Court notes that Congress did not codify a private right of action in section 605 until the

Cable Communications Policy Act of 1984.

from cable systems or microwave distribution systems.

■ However, the Court notes that section 221 does not provide for civil causes of action. Plaintiff cites no legal authority for applying a criminal limitations period to a civil action such as this matter. The Court declines to apply the Louisiana limitations period for criminal misdemeanors to this civil suit.

b. Louisiana's 10–year personal action limitations period

■ Plaintiff next argues that under *Reed v. United Transp. Union*, 488 U.S. 319, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), the Court should look to Louisiana's general or residual personal injury statute. While this may be true, the Court rejects plaintiff's next step in logic—i.e., plaintiff's claim that the Court should apply Louisiana's 10–year personal action limitations period as set forth by Civil Code article 3499.[4] The *Reed* statement plaintiff is referring to states that a court should look to personal injury limitations periods. Plaintiff's cite to a personal action statute is inapposite. The Court points plaintiff to *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir.1989): "Although Louisiana has a residual ten-year prescriptive period for 'personal actions,' article 3499, it does not apply to tort actions." (citations omitted).[5]

c. Louisiana's one-year delictual (tort) limitations period

■ In fact, plaintiff's argument that the Court should apply the relevant personal injury limitations period supports application of Louisiana's one-year tort statute of limitations set forth by section 3492.[6] *Elzy*, 868 F.2d at 794 ("[A]rticle 3492 is Louisiana's only statute of limitations for personal injury actions"). As defendants note, application of

3492 is further supported by the fact that plaintiff's section 605 claim is analogous to the state law tort of conversion. Indeed, plaintiff seeks monetary damages for defendants' alleged appropriation of plaintiff's property and the complaint characterizes the same acts both as a section 605 violation and as a state law tort of conversion. The Court finds that Louisiana's one-year delictual limitations period is the most analogous limitations period in regards to plaintiff's section 605 claims. See *Elzy*, 868 F.2d at 794.

Having found an appropriate state law analog, the Court next examines whether this analog would frustrate federal policy. The Supreme Court has previously found that federal policy would be frustrated if the state law period provided only a very short period for suit (e.g. 90 days). *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The one-year limitations period in this matter is distinguishably longer than the unusually narrow window of ninety days in *DelCostello*.[7] Accordingly, the Court finds that the one-year Louisiana limitations period for torts does not frustrate federal policy so as to warrant invoking the "narrow exception" from the looking to state law.

Plaintiff also argues that the Court should apply a federal law analog because Congress intended uniformity in application of Title 47. The Court is unpersuaded by this argument in light of the Supreme Court's dictates in *North Star*. As the Supreme Court noted, the tradition of looking to state law is long-embedded. If Congress intended to provide for a uniform limitations period, it could have explicitly set such a period when it passed the original act or in any of the four subsequent times it has amended section 605. Thus, the Court again finds that plaintiff's

---

**4.** This article states, "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

**5.** Plaintiff asserts that since the Reed court advocated looking to a residual personal injury action, that the Louisiana personal action limitations period is the applicable "residual prescription period." (Pl. Memo at 5). The Court points out that a personal action suit is not equivalent to a personal injury suit. Furthermore, the modification of "personal injury" or

"personal action" by the word "residual" would not make the two equivalent.

**6.** Article 3492 states in pertinent part, "Delictual actions are subject to a liberative prescription of one year."

**7.** The Court further observes that parties asserting Louisiana state tort actions are generally governed by the one-year limitations period.

argument does not establish a sufficient frustration of federal policy so as to warrant departure from the general rule of looking to state law.

██ Because Louisiana's delictual limitations period is an appropriate analog that does not frustrate federal policy, the Court finds that this one-year limitations period is applicable to plaintiff's section 605 claim. The broadcast which was allegedly intercepted occurred on March 5, 1995 (Compl. at 3) and plaintiff did not file this suit until July 22, 1996. Plaintiff does not contest that its claims would be prescribed if a one-year statute of limitations applied, and the Court finds that the section 605 claim is indeed prescribed.

### IV. Louisiana Conversion Claim

Defendants also assert that plaintiff's Louisiana state law conversion claim is prescribed under article 3492. Plaintiff does not dispute that its conversion claim is prescribed under article 3492 and the Court finds that the conversion claim is indeed prescribed.

### V. Conclusion

Plaintiff does not oppose defendants' motion on any factual bases and the Court finds as a matter of law that plaintiff's claims are prescribed. Accordingly, the Court finds that judgment pursuant to Rule 12(c) is appropriate in favor of defendants.

Accordingly,

IT IS ORDERED that defendants' motion to dismiss/converted motion for judgment on the pleadings is GRANTED.