**ENTERTAINMENT BY J & J, INC., Plaintiff,**

v.

**TIA MARIA MEXICAN RESTAURANT & CANTINA, INC., Defendant.**

**No. Civ.A. H–99–1573.**

United States District Court,
S.D. Texas,
Houston Division.

Feb. 9, 2000.

John C Landon, Alonso & Cersonsky, Houston, TX, for Entertainment by J & J, Inc., plaintiff.

Robert R Durbin, Attorney at Law, Houston, TX, for Tia Maria Mexican Restaurant and Cantina Inc., Pedro Arreguin, defendants.

### ORDER

GILMORE, District Judge.

Pending before the Court is Defendants' Motion to Dismiss (Instrument No. 12).

Having considered the submissions of the party and the applicable law, the Court finds that Defendants' motion should be **DENIED.**

## I.

Plaintiff Entertainment by J & J, Inc. ("EJJ") brings this action against Defendants Tia Maria Mexican Restaurant and Cantina, Inc. d/b/a/ Tia Maria's Mexican Restaurant and Pedro Arreguin (collectively "Defendants"), claiming violation of the Federal Communications Act of 1934, § 705, as amended in the Cable Communications Act of 1984, 47 U.S.C. §§ 605 and 553. EJJ seeks declaratory relief, statutory damages, and costs.

EJJ is a California corporation that entered into a close-circuit television license agreement to broadcast the closed-circuit telecast of the April 12, 1997 boxing match between Pernell Whitaker and Oscar de la Hoya from Las Vegas, Nevada. The licensing agreement gave EJJ the rights to broadcast the fight to closed-circuit locations such as theaters, arenas, bars, and restaurants throughout Texas. Such establishments could only receive and broadcast the fight if they were contractually authorized to do so by EJJ, with the payment of a sublicense fee. The interstate satellite transmission of the fight was electronically scrambled, and so only establishments or persons authorized to broadcast the fight received electronic decoding equipment and the satellite coordinates necessary to receive the signal. (Plaintiff's Response to Defendants' Motion to Dismiss, Instrument No. 14, at 1–2).

EJJ alleges that on the night of the fight, Jaime Caro was present at Tia Maria Restaurant and observed the fight being broadcast to patrons of the restaurant. EJJ contends that Defendants intercepted and received the scrambled signal, and broadcast the fight without authorization. EJJ claims that because it "maintained proprietary anti-piracy rights in the signal of the Event [fight] all unlawful acts of interception, receipt and broadcast of the signal by the Defendants were in violation of EJJ's rights and caused EJJ to suffer damages." (Plaintiff's Response to Defendants' Motion, Instrument No. 14, at 3).

EJJ filed this action on May 24, 1999. Defendants filed this motion to dismiss on December 7, 1999, claiming that EJJ's action under the Cable Communications Act (the "Act") was barred by the applicable statute of limitations. (Defendants' Motion to Dismiss, Instrument No. 12). Defendants argue that because the Act did not provide a statute of limitations, the applicable time bar is found in the state law claim most analogous to claims under the Act, conversion, which carries a two year statute of limitations. (*Id.*). In its Response, EJJ contends that the Court should borrow the statute of limitations from an analogous claim under the Copyright Act, which provides a three year time bar. (Plaintiff's Response, Instrument No. 14, at 4).

## II.

The purpose of a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is "to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citations omitted). Such a motion "only has utility when all material allegations of fact are admitted in the pleadings and only questions of law remain...." *Id.* (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1367 (1990)). The motion is to be made after the close of the pleadings, but "within such time as not to delay trial ...." FED. R.CIV.P. 12(c). If matters outside the pleadings are presented to and not excluded by the Court, the motion is to be treated as one for summary judgment, and all parties are to be given a reasonable opportunity to present all material pertinent to a summary judgment motion. *Id.*

## III.

Rule 8(c) provides that a defendant must affirmatively plead the defense of statute of limitations in its responsive pleading, or the defense is waived. FED.R.CIV.P. 8(c), (d). Defendants affirmatively raised the statute of limitations defense in their answer. (Instrument No. 9, at 4).

Defendants argue in their motion that when a federal statute fails to explicitly provide a statute of limitations, judicial precedent instructs the courts to "borrow" a statute of limitations from the state law claim most analogous or similar to the federal claim. Defendants contend that EJJ's claim for a pirated transmission under the Act is analogous to the state law tort of conversion, and subject to the state statute of limitations for that tort, two years. (Defendants' Motion, Instrument No. 12, at 2) (citing *Joe Hand Promotions, Inc. v. Lott,* 971 F.Supp. 1058 (E.D.La. 1997)). The alleged pirated broadcast took place on the night of the fight, April 12, 1997. Because EJJ filed this suit more than two years later, on May 24, 1999, Defendants argue this action is barred by the borrowed two year statute of limitations. (*Id.*).

Section 553(a)(1) of the Act prohibits the interception or reception and assisting in the interception and reception of any communications service offered over a cable system. 47 U.S.C. § 553(a)(1). This section "was enacted to protect the revenue of television cable companies from unauthorized reception of their transmissions." *Time Warner Entertainment/Advance–Newhouse Partnership v. Worldwide Elec., L.C.,* 50 F.Supp.2d 1288, 1293 (S.D.Fla.1999) (internal citation omitted). Section 605 prevents a person receiving or transmitting or assisting in the reception or transmission of any interstate or foreign communication by radio or wire from divulging or publishing the existence or contents of those communications, unless through authorized channels of transmission or reception. 47 U.S.C. § 605(a).

It is uncontested that in this case, the Act does not provide a statute of limitations for claims of unauthorized reception and broadcast of a signal. "[W]hen Congress has failed to provide a statute of limitations for a federal cause of action, a court 'borrows' or 'absorbs' the local time limitations most analogous to the case at hand." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 111 S.Ct. 2773, 2778, 115 L.Ed.2d 321 (1991). Thus the presumption is that in such cases, courts look to state law to utilize the appropriate limitations period. However, the borrowing doctrine provides one narrow exception: "when the state limitations period with any claim of relevance would frustrate or interfere with the implementation of national policies, or be at odds with the purpose or operation of federal substantive law," courts should look to federal law for a suitable period. *North Star Steel Co. v. Thomas,* 515 U.S. 29, 115 S.Ct. 1927, 1931, 132 L.Ed.2d 27 (1995) (internal citations omitted); *Lampf,* 111 S.Ct. at 2778. The Supreme Court stated "we decline to follow a state limitations period only when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *North Star,* 115 S.Ct. at 1931 (internal citations omitted).

EJJ urges the Court to follow the "hierarchical inquiry" articulated by *Lampf* to determine the appropriate limitations period in such cases. First, the Court must determine whether a "uniform statute of limitations" should be utilized, if the federal cause of action tends "to encompass numerous and diverse topics and subtopics, such that a single state limitations period may not be consistently applied within a jurisdiction." 111 S.Ct. at 2779 (internal citations omitted).

"Second, assuming a uniform limitations period is appropriate, the court must decide whether this period should be derived

from a state or a federal source." *Id.* The court should weigh in particular the "geographic character of the claim," that is, the multistate nature of the cause of action. *Id.*

Finally, the court is obliged to borrow a state limitations period unless the "analogous federal source truly affords a 'closer fit' with the cause of action at issue than does any available state law source." *Id.* This involves a consideration of factors such as the commonality of purpose and similarity of elements of the causes of action. *Id.*

EJJ argues that each of these three elements obliges the Court to borrow the three year statute of limitations from the Copyright Act, instead of the two year period from the state law action of conversion. First, EJJ contends that satellite and cable signal interception clearly implicate a variety of topics, such a fraud, theft of services, conspiracy to breach contract, unjust enrichment, or interference with economic advantage. (Plaintiff's Response, Instrument No. 14, at 4). EJJ claims that these state law claims each have varying statutes of limitations, and depend upon which state's law is used. Consequently, EJJ argues that an application of the first two *Lampf* factors favor the application of a uniform federal statute of limitations, rather than a state law one. (*Id.*).

With respect to the third factor, EJJ contends that the limitations period of the Copyright Act should be utilized because a claim under the Copyright Act is more similar than a claim of conversion under Texas law. (Plaintiff's Response, Instrument No. 14, at 5). Conversion is "any distinct act of dominion wrongfully exerted over another person's personal property in denial of, or inconsistent with, that other person's right in the property, either permanently or for an indefinite time." *Varel Manuf. Co. v. Acetylene Oxygen Co.*, 990 S.W.2d 486, 496 (Tex.App.—Corpus Christi 1999, no writ). Piracy of cable signals involves the exercise of wrongful

dominion or theft of cable signals contractually owned by another. The Copyright Act protects an original work owned by another from infringement or copying, in effect theft or misappropriation of an idea or expression owned by another. 17 U.S.C. § 102.

EJJ argues that the conduct proscribed by the Copyright Act and by sections § 553 and 605(a) of the Act both relate to the theft of property, and that "in instances where the owner of proprietary rights to a communication also retains the copyright, an action can be asserted under both sets of statutes." *Id.* (citing *Cable/Home Communication Corp. v. Network Prod., Inc.*, 902 F.2d 829 (11th Cir.1990)). EJJ also argues that both statutes provide for statutory damages, allow the court to increase damages for willful violations, and allow attorneys fees. (*Id.*).

In addition, EJJ discusses the policy issues behind the enactment of the Act, namely the necessity of deterring piracy. EJJ argues that Congress has equated a violation of the Act to a theft of services, and that the Act provides severe civil and criminal penalties for the interception, reception, and/or broadcast of protected signals. (*Id.* at 6).

In *That's Entertainment of Illinois, Inc. v. Centel Videopath, Inc.*, 1993 U.S.Dist. LEXIS 19488 (N.D.Ill.Dec. 9, 1993), the court utilized the *Lampf* analysis and concluded that the three-year statute of limitations from the Copyright Act was the appropriate limitations period for a claim under § 605 of the Act. The plaintiff brought an action under § 605 of the Act, for the unauthorized interception or broadcast of six boxing match telecasts, as well as several related state law claims. The defendants moved to dismiss the action, in part, claiming it was barred by a two year statute of limitations in the statute itself. 1993 U.S.Dist. LEXIS 19488 at *7. The plaintiff argued that the Copyright Act provided a better analogy to borrow a limitations period than the limitations peri-

od in the statute. The court found that two year limitations period in the statute only applied to cases where the defendant is a "carrier," and decided the defendants were not "carriers" within the meaning of the statute. *Id.* at *14. The court subsequently continued and applied the *Lampf* factors.

The court found that the claim for unauthorized broadcast under the Act could be "analogized to several different state causes of action," and indeed had been in the various state law claims brought by the plaintiff. *Id.* at *16. Second, the court observed that the federal claim under the Act was multistate in nature; "[i]t involve[d] communications in interstate commerce and often violations occur in many states and with multistate plaintiffs and defendants." *Id.* Accordingly, the court decided that a federal statute would provide a better source for borrowing than a state law claim. Finally, the court examined the Copyright Act and concluded that it was sufficiently analogous to the Act to borrow its three-year limitations period. *Id.* at *20. The court observed that both federal statutes relate to the theft of property; provide for an award of statutory damages; allow the court to increase damages for willful violations; and to award attorneys fees. *Id.* at *19. Moreover, the court noted that "in instances where the owner of the proprietary rights to a communication retains the copyright, an action can be asserted under both Acts." *Id.*

EJJ also notes that Judge Atlas, when confronted with this same issue in another suit brought by EJJ, agreed that the three-year limitations period of the Copyright Act applied and denied defendants' motion for summary judgment. (Plaintiff's Response, Instrument No. 14, at 5). Judge Atlas' Order did not articulate the reasons for the denial of the motion to dismiss.

Conversely, two courts separately addressing this same issue decided instead to adopt the statute of limitations for the state law claim of conversion. In *Joe Hand Promotions, Inc. v. Lott,* the plaintiff brought an action for illicit interception and broadcast of a boxing match in violation of § 605 of the Act. 971 F.Supp. 1058 (E.D.La.1997). The court, without utilizing the *Lampf* factors, found that the section 605 claim was most analogous to the state law tort of conversion, and decided that adoption of its one-year statute of limitation would not frustrate federal policy. 971 F.Supp. at 1063. The court observed, "[t]he Supreme Court has previously found that federal policy would be frustrated if the state law period provided only a very short period for suit (e.g. 90 days)." *Id.* (citing *DelCostello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)). The *Lott* court found that because the one-year limitations period for conversion was significantly longer than 90 days, federal policy would not be frustrated by borrowing this limitations period.

Similarly, in *Kingvision Pay Per View, Ltd. v. Bowers,* plaintiff brought suit under § 605 of the Act for the unauthorized broadcast of a boxing match, the transmission rights having been licensed by the plaintiff. 36 F.Supp.2d 915 (D.Kan.1998). Defendants raised the affirmative defense of the statute of limitations, arguing that under the two-year statute of limitations for the state law claim of conversion, plaintiff's federal claim was time-barred. The court accepted the rationale of *Lott* and decided the statute of limitations governing conversion actions should apply. 36 F.Supp.2d at 918.

In applying the *Lampf* factors, it is clear that a suit for illegal reception and broadcast of a cable signal implicates several areas of the law, as EJJ argues. Moreover, cable signals and satellite communications are multistate operations. In this case, EJJ, which is a California corporation, had licensed the broadcast of the fight in Las Vegas to establishments in Texas. Defendants were in Texas and allegedly received, decoded, and broadcast the signal. Finally, with respect to the

third *Lampf* factor, the Court finds the *Centel* court's reasoning persuasive that the Copyright Act is more analogous to the Act than the state law claim of conversion. Accordingly the Court finds that the three-year statute of limitations from the Copyright Act is the applicable limitations period in this case. Under a three year statute of limitations, EJJ's claim is timely. Therefore, Defendants' motion to dismiss is **DENIED.**

### IV.

Accordingly, Defendants' motion to dismiss is **DENIED.**

The Clerk shall enter this Order and provide a copy to all parties.