Marilyn YOUNGBLOOD, et al.

v.

Timothy BENDER, et al.

No. Civ.A. 99–2010.

United States District Court,
E.D. Louisiana.

July 18, 2000.

D. Douglas Howard, Jr., Howard, Laudumiey, Mann, Reed & Hardy, New Orleans, LA, for Plaintiffs.

Franz L. Zibilich, Martiny & Caracci, Metairie, LA, Michael Courtney Keller, Louisiana Dept. of Justice, New Orleans, LA, Gilbert R. Buras, Jr., New Orleans, LA, Gerald J. Nielsen, Thomas Christopher Pennebaker, Nielsen Law Firm, Metairie, LA, for Defendants.

## ORDER AND REASONS[1]

BERRIGAN, District Judge.

This matter is before the Court on a "Rule 12(b)(6) Motion to Dismiss" filed by defendants Lt. Joe Culpepper, Police Chief Jerry Agnew, the City of Bogalusa and the Bogalusa Police Department (collectively, "Bogalusa defendants"). Plaintiffs, Marilyn Youngblood, wife of/and Bobby Youngblood, individually and on behalf of their minor son, Bobby Youngblood, II, have brought federal- and state-law claims against various defendants in connection with an altercation between state troopers and Bobby Youngblood, II during a traffic stop. Neither individual defendants, both officers with the Bogalusa Police Department, were actually at the scene, but were asked to investigate the incident after it occurred. Plaintiffs base jurisdiction on 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988 and on the Second, Fourth, Fifth, Six, Eighth, and Fourteenth Amendments. Jurisdiction for state law claims is based on 28 U.S.C. § 1367. The Bogalusa defendants seek dismissal of all claims on grounds that plaintiffs have not stated claims for which relief may be granted under Fed.R.Civ.P 12(b)(6).

Having considered the record, the applicable law and the briefs of the parties the Court grants an alternative motion for judgment on the pleading for the following reasons.

### Analysis

1. Standard of Review

██ Though the plaintiffs raise no procedural bar, the Court notes that a motion under Rule 12(b)(6) must be filed prior to the answer. *See, Joe Hand Promotions, Inc. v. Lott,* 971 F.Supp. 1058, 1060 (E.D.La.1997). Because the instant motion was filed nearly a year after the answer, it is not permissible under the Federal Rules. However, the Court finds that a Rule 12(c) motion for a judgment on the pleadings is an appropriate substitute and will analyze the current motion under that standard. *See, id.*

In reviewing a motion under Rule 12(c), the Court must base its decision solely on the pleadings. The court in *Park Center, Inc. v. Champion International Corp.,* 804 F.Supp. 294, 301 (S.D.Ala.1992) summarized the standard of review succinctly:

> "On a motion for judgment on the pleadings, Federal Rule of Civil Procedure 12(c) requires the Court to view the pleading in the light most favorable to, and to draw all reasonable inferences in favor of, the nonmovant. The Court may grant judgment on the pleadings if it appears beyond doubt that the nonmovant can plead or prove no set of facts ... which would entitle him to relief."

This Court adopts the *Park Center* standard and applies it to the questions presented in this case.

A. Claims under the Second Amendment, Fifth Amendment, Sixth Amendment, and Eighth Amendment.

In their complaint at Paragraph 1 (Rec. Doc. 1), plaintiffs claim that the various defendants have violated their rights under, inter alia the Second, Fifth, Sixth, and Eighth Amendments to the Constitution. The plaintiffs do not present argument in opposition to the motion on these claims and the Court finds that all are without merit. The Second Amendment claim is improper because the plaintiff have made no factual allegations describing the way in which the actions of any defendant deprived any plaintiff of the right to "keep and bear arms." U.S. Const. amend. II. The Fifth Amendment claim is improper because "[t]he due process component of the Fifth Amendment applies only to federal actors." *Blackburn v. City of Marshall,* 42 F.3d 925 (5th Cir.1995). The

---

1. Benjamin L. DeMoux, a second year law student at Tulane Law School, assisted in the research and preparation of this decision.

Sixth Amendment claim is improper because none of the plaintiffs were ever detained or ever charged with any crime, (beyond a traffic infraction), so their various trial right could not have been infringed. Finally, the Eighth Amendment claim is improper because that amendment applies only to persons who have been incarcerated after conviction of a crime, *see, Johnson v. City of Dallas, Texas,* 61 F.3d 442, 444 (5th Cir.1995), and neither side claims that any of the plaintiffs is such a person.

**B.  Claims under the Fourth Amendment.**

In the complaint, the plaintiffs also claim that their rights under the Fourth Amendment were violated. Because the parties agree that no Bogalusa defendant was involved in the stop of Bobby Youngblood, II, he has no legitimate claim against them under the Fourth Amendment. Furthermore, the plaintiffs make no factual allegations regarding any violation of Marilyn Youngblood's rights under the Fourth Amendment.

The plaintiffs do make a potentially cognizable claim with regard to a traffic stop involving the father, Bobby Youngblood, at some point after the altercation occurred. Specifically, plaintiffs allege that Mr. Youngblood was stopped by either Lt. Culpepper or a state trooper named O'Neal in an attempt to "intimidate and harass Petitioner, Bobby Youngblood, as a result of his attempted complaints filed with the Bogalusa Police Department." (Rec.Doc. 1, Para.26). However, plaintiffs have provided no details with regard to the stop, including the date on which it occurred, what charges, if any, were brought, and what damages, if any, were incurred. Neither have they provided any evidence regarding the actual motive of the stop, beyond the bare version of malice. The plaintiffs can not even positively identify which law enforcement organization was responsible for the stop. Therefore, the Court finds that plaintiffs' pleadings with regard to this incident are insufficient to meet their evidentiary burden.

**2.  Qualified Immunity**

While performing discretionary functions, government officials are shielded from liability for civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 817, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Because qualified immunity is defense against suit, and not simply liability, the immunity issue should be resolved at the earliest possible stage of the litigation. *See, Hunter v. Bryant,* 502 U.S. 224, 226, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991).

The test for determining whether qualified immunity applies in a given matter is twofold: (1) whether the plaintiff has alleged a violation of a clearly established constitutional right; and (2) if so, whether the defendant's conduct was objectively unreasonable in the light of clearly established law at the time of the incident. *See, Hare v. City of Corinth, Miss.,* 135 F.3d 320, 325 (5th Cir.1998); *Harper v. Harris County,* 21 F.3d 597, 600 (5th Cir.1994).

**A.  Established Constitutional Right**

To defeat summary judgment based on a qualified immunity defense, the plaintiff must first show that the defendant official violated a clearly established constitutional right, *See: Hare,* 135 F.3d at 325, and present evidence of violation of that right. *See: Mitchell v. Forsyth,* 472 U.S. 511, 525, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985); *Hassan v. Lubbock Independent School District,* 55 F.3d 1075, 1079 (5th Cir.1995). The defendant's invocation of the defense of qualified immunity places a particular evidentiary burden on the plaintiff. Bare accusations of malice are not sufficient evidence. *See, Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396. Neither are "con-

clusory allegations." *Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir.1994).

## B. Claims under the Fourteenth Amendment.

The plaintiffs' make a number of allegations in their pleadings that might be taken as violations of their rights under the Fourteenth Amendment. Among them, that both Chief Agnew and Lt. Culpepper refused to take action on the plaintiffs' complaints, that the Bogalusa Police Department permitted and tolerated "racial profiling, harassment and unreasonable use of force by police officers" (Rec.Doc. 1, Para.29) and that the Bogalusa Police Department purposefully and systematically discriminated against African–Americans in its investigation of crimes and enforcement of law. Together these allegations form a claim of discrimination in the provision of police protection. The plaintiffs further allege that the Bogalusa defendants are part of a conspiracy to cover-up the foregoing violations.

In order to survive a motion for summary judgment in a case where qualified immunity has been raised, the plaintiff must provide "specific, nonconclusory factual allegations that establish improper motive *causing cognizable injury* . . . " *Shipp v. McMahon,* 199 F.3d 256, 261 (5th Cir.2000), (internal quotation marks and citations omitted, emphasis added). The plaintiffs suggest that *Shipp* is analogous to the case at bar. In *Shipp,* the Fifth Circuit upheld a district court decision to allow the plaintiff, a woman who was allegedly attacked and raped by her estranged husband, to sue a parish sheriffs office and several officials and deputies thereof. The plaintiff's husband had broken into a home and confronted the plaintiff in violation of a temporary restraining order. The incident was immediately reported to the sheriffs, who initially refused to go to the scene and later refused to enter the house. Because of the delay in police enforcement, the husband had sufficient time to rape the plaintiff and shoot her with a shotgun.

The court found that this failure of police enforcement was sufficient evidence of discriminatory motive and of causation of injury.

By contrast, in the instant case the plaintiffs have presented no evidence suggesting that the Bogalusa police could have prevented the physical injuries suffered by Bobby Youngblood, II. The parties agree that neither of the individual Bogalusa defendants, nor any other officer of the Bogalusa police, were at the scene of the altercation and further agree that the plaintiffs' first contact with the Bogalusa police did not occur until after the alleged beating was over and Bobby Youngblood, II, had left the scene. Nor could the Bogalusa defendants' failure to train or any pattern of discrimination in law enforcement be the cause of these injuries because the Bogalusa defendants did not train the state troopers or supervise their actions. Hence, none of the Bogalusa defendants were directly responsible for the physical injuries suffered by bobby Youngblood, II. Furthermore, the Court finds that plaintiffs have not advanced sufficient evidence of any other legally cognizable injury that was result of the Bogalusa defendants alleged failure to investigate.

The Court notes that plaintiffs have had more than a year to uncover evidence or case law to support their claims, and have in fact deposed a number of witnesses and performed substantial discovery. They have also had two opportunities to provide this Court with evidentiary support for their claims, via a Rule 7(a) reply, (Rec. Doc. 10) and their brief in opposition to the motion at bar, (Rec.Doc. 49). Despite this, the plaintiffs have yet establish that they have suffered any cognizable injury because of the acts or omissions of the Bogalusa defendants. Therefore, the Court believes that granting the plaintiffs further time for discovery or requiring them to file additional pleadings would be fruitless. The Court finds that judgment on the pleadings is appropriate on all claims

brought under the Fourteenth Amendment.

### 3. State Law Claims

In addition to the federal law claims, plaintiffs press a number of state law claims in Paragraphs 62 and 63 of their complaint (Rec.Doc. 1). These claims deal generally with failure to properly train, infliction of injury, failure to investigate, and defamation. The former two claims seem not to apply to the Bogalusa defendants. Neither the City of Bogalusa, nor the officers thereof, were responsible for training the state troopers involved in the altercation, so the failure to properly train allegations, even if proven true, would be moot in the instant case. Furthermore, no one in the Bogalusa Police Department was present during the altercation. Hence, there seem to be no grounds for imposing liability on these defendants for the actual physical injury.

Plaintiffs do allege, in Paragraph 82, a claim for intentional infliction of emotional distress that might be seen to apply to the Bogalusa defendants. However, beyond this bare assertion, the plaintiffs make no factual allegation as to who caused this injury or how it was caused, though the Court acknowledges that the claim might be related to the alleged defamation, which claim is addressed *infra.*

■ The plaintiffs' latter two claims, failure to investigate and defamation, do seem to be directed at the Bogalusa defendants. However, the Court finds that the plaintiffs have failed to allege sufficient material fact and legal precedent to support these claims. With regard to the failure to investigate claim, the Court notes that plaintiff cites no state statutory or judicial authority to suggest that such failure, especially where an investigation is conducted by another law-enforcement agency, is a legally compensable injury under state law. Therefore, the Court

finds that the failure to investigate claim is not cognizable under state law.

■ Furthermore, with regard to the defamation claim, this Court notes that plaintiffs do not allege that anyone other than they themselves heard the allegedly defamatory statement or that they suffered any damages as a result of it, beyond the very vague claim of extreme emotional distress. In fact, the plaintiffs' do not even identify what the allegedly defamatory statement is until their Rule 7(a) reply.[2] In order to recover for defamation, the Louisiana Supreme Court requires that a plaintiff prove "that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages." *Trentecosta v. Beck,* 703 So.2d 552, 559 (1997). To be defamatory, a statement must tend to "harm the reputation of another so as to lower the person in the estimation of the community . . ." *Id.* Despite repeated opportunities, the plaintiffs have failed to make even the most basic showing of harm resulting from the alleged defamation. Therefore, this Court finds that the defamation claim is without merit.

### 4. Conclusion

In conclusion, the court finds that the Bogalusa defendants' motion has merit with regard to all the claims against them. Accordingly,

IT IS ORDERED, that the Bogalusa defendants' Rule 12(b)(6) motion treated as a motion for judgment on the pleadings is GRANTED and all claims against the these defendants are DISMISSED.

---

**2.** Lt. Culpepper is alleged to have said in reference to Bobby Youngblood, II, "I heard Bobby got a lot of tickets put on him."