**TIME WARNER CABLE NATIONAL DIVISION, Plaintiff,**

v.

**John BUBACZ, and Janet Bubacz, Defendants.**

**No. Civ.A.1:00CV191.**

United States District Court, N.D. West Virginia.

June 1, 2001.

Richard Paul Cohen, Cohen, Abate & Cohen, L.C., Morgantown, WV, Julie Cohen Lonstein, Lonstein Law Office, P.C., Ellenville, NY, for plaintiff.

Jerald E. Jones, West & Jones, Clarksburg, WV, for defendants.

***ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT***

KEELEY, District Judge.

The Court has before it the defendants', John and Janet Bubacz ["Bubaczs"], motion for summary judgment seeking a dismissal of this civil action on the ground that it is barred by the applicable statute of limitations [Docket No. 17]. In response, the plaintiff, Time Warner Cable National Division ["Time Warner"], has filed a brief in opposition to defendants' motion, as well as a cross-motion for summary judgment [Docket No. 18]. The defendants have filed a reply brief on their motion for summary judgment and a response to the plaintiff's cross-motion for summary judgment [Docket No. 19]. No further briefs have been filed in connection with either motion for summary judgment and these motions are now ripe for the Court's consideration. For the reasons that follow, the Court finds that the plaintiff's suit is not barred by the applicable statute of limitations but that its cross-motion for summary judgment is not yet ripe for consideration. Accordingly, the defendants' motion for summary judgment is **DENIED WITH PREJUDICE** and the plaintiff's cross-motion for summary judgment is **DENIED WITHOUT PREJUDICE.**

**I.**

Time Warner filed this civil action on November 3, 2000, alleging that the Bubaczs violated both federal and state law by manufacturing and distributing "pirate" cable television decoding devices, in violation of 47 U.S.C. §§ 605(a) and 553(a)(1) and W.Va.Code § 61–3D–1.[1] The Bubaczs, in their motion for summary judgment, counter that Time Warner's complaint is barred by the two year statute of limitations provided by the "catch-all" provision of W.Va.Code § 55–2–12. An affidavit signed by both John and Janet Bubacz, attached as Exhibit C to their motion, states that:

> Since December 19, 1997, they have not intercepted or received, assisted in intercepting and receiving any unauthorized television communication service offered over a cable system, and, specifically, have not received any such communication through a cable system offered by CVI and/or Time Warner from December 19, 1997.

> Affiants further say that they have not manufactured or distributed any equipment intended for unauthorized reception of any communication service offered over a cable system since December 19, 1997.

---

1. West Virginia Code § 61–3D–1 *et seq.* defines theft of cable television service under state law and sets forth the criminal penalties for such theft. The statute does not contain a limitations period and the parties do not discuss what the applicable statute of limitations would be for a violation for W.Va.Code § 61–3D–1 *et seq.* Because this issue has not been raised in the cross-motions for summary judgment, it is not addressed by the Court.

(Defendants' Motion for Summary Judgment, Ex. C).

On December 19, 1997, the FBI conducted a search of the Bubaczs' residence and recovered evidence of illegal cable converter box activity.

The defendants argue that the statute of limitations was triggered on December 19, 1997, at the very latest. Alternatively, they argue that the statute of limitations began to run in October 1997, more than three years before Time Warner filed its complaint, when Time Warner (or CVI, its predecessor-in-interest) became aware that the Bubaczs might be selling illegal cable converter boxes. The defendants attach various documents that were disclosed through discovery in support of this argument. One of these shows that CVI received a confession from an individual named Brian Barksdale in October 1997, stating that he had personal knowledge that John Bubacz had an illegal cable converter device on his son's television and a cabinet full of such converters, which he sold for $250 each. Accordingly, the defendants argue that Time Warner's complaint is barred even under a three year statute of limitations period.

In its response brief, Time Warner acknowledges that there is no statute of limitations mandated by Congress within the Cable Communications Policy Act of 1984 [the "Cable Act"], but it argues that several courts that have considered the statute of limitations applicable to the Cable Act have borrowed the three year limitations period found in the Copyright Act, 17 U.S.C. § 507(b).[2] Accordingly, Time Warner argues this action is timely filed because it was filed within three years of December 19, 1997, the date on which the FBI searched the defendants' home and the plaintiff received sufficient information upon which to commence this civil action.

Furthermore, Time Warner moves for summary judgment on the ground that the Bubaczs have admitted in their affidavit that they violated the Federal Communications Act prior to December 19, 1997 and, therefore, there is no issue of fact that requires a trial, other than the amount of damages to which the plaintiff is entitled.

In their reply brief, the defendants do not contest the plaintiff's reading of their affidavits as an admission of guilt, but argue instead that the statute of limitations commenced in October 1997 and this suit is, therefore, barred even under a three year statute of limitations. The defendants also cite to the recent Fourth Circuit Court of Appeals decision in *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789 (4th Cir.2001), a copyright case in which the Fourth Circuit held that the statute of limitations begins to run when one has knowledge of a violation or is chargeable with such knowledge.

## II.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Hooven–Lewis v. Caldera*, 249 F.3d 259 (4th Cir.2001) (citing

---

**2.** "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b), Copyright Act.

*Matushita Elec. Insur. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### III.

The Cable Act provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1). Section 605(a) proscribes unauthorized publication or use of intercepted communications. Section 553 is primarily aimed at preventing the manufacture and distribution of unauthorized converters permitting reception of cable without paying for the service, while section 605 addresses the growing practice of individuals intercepting cable service for private, home viewing. *Continental Cablevision, Inc. v. Poll,* 124 F.3d 1044, 1046 (9th Cir.1997) (discussing the Cable Act's legislative history).

When Congress enacted the Cable Act, however, it failed to provide a statute of limitations.[3] *Kingvision Pay Per View, Ltd. v. Boom Town Saloon, Inc.,* 98 F.Supp.2d 958, 960 (N.D.Ill.2000). When Congress fails to provide a statute of limitations in a federal act, federal courts usually look to the statute of limitations in the most analogous state statute in the state where the conduct occurred. "It is the usual rule that when Congress has failed to provide a statute of limitations for a

federal cause of action, a court 'borrows' or 'absorbs' the local time limitation most analogous to the case at hand." *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 355, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991).

State statutes of limitations are clearly the preferred lender of first resort, and a court may decline to follow a state limitations period "only when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake, and the practicalities of the litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking." *North Star Steel Co. v. Thomas,* 515 U.S. 29, 35, 115 S.Ct. 1927, 132 L.Ed.2d 27 (1995) (internal citations omitted).

■ A federal court may borrow a statute of limitations from another federal law if it is more clearly analogous to the federal legislation than the state statutes and if the state statutes are "unsatisfactory vehicles" for enforcing federal law. *Dell v. Board of Educ.,* 32 F.3d 1053, 1058 (7th Cir.1994) (citing *DelCostello v. International Bhd. Of Teamsters,* 462 U.S. 151, 161, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983)).

Adoption of an analogous federal limitations period is a narrow exception to the general rule that is "based on the common sense that Congress would not wish courts to apply a limitations period that would only stymie the policies underlying the federal cause of action." *North Star,* 515 U.S. at 34, 115 S.Ct. 1927. The Supreme Court in *Lampf* set forth a "hierarchical inquiry" that courts should apply in determining whether to select a federal rather than a state statute of limitations. The inquiry asks three questions:

---

**3.** Neither party is arguing that the two year limitations period set forth in 47 U.S.C. § 415 is applicable here and the Court agrees because this limitations period is clearly re-

stricted to suits involving common carriers. *See Prostar v. Massachi,* 239 F.3d 669, 671 (5th Cir.2001).

(1) whether a uniform statute of limitations is required, because the federal cause of action in question may encompass numerous and diverse topics and subtopics;

(2) whether such a uniform limitations period should be derived from a state or federal source, an inquiry that requires consideration of whether the multistate character of the federal cause of action might give rise to application of multiple state statute of limitations periods, which would present the danger of forum shopping and would virtually guarantee complex and expensive litigation over what should be a straightforward matter; and

(3) whether there is an analogous federal statute of limitations that truly affords a closer fit with the cause of action at issue that does any available state-law source.

*Boom Town Saloon,* 98 F.Supp.2d at 960 (quoting *Lampf* 501 U.S. at 356–58, 111 S.Ct. 2773).

A number of federal courts have considered the precise issue raised by the parties in their cross motions for summary judgment—whether a state's statute of limitations for conversion,[4] or the three year statute of limitations set forth in the Copyright Act, should apply to claims for the unauthorized interception and distribution of cable services.

In the leading case to consider this issue, the Fifth Circuit held that applying the state statute of limitations for a conversion action would undermine implementation of the Cable Act, and that violations of 47 U.S.C. §§ 553 and 605 were gov-

erned by the three year limitations period set forth in the federal Copyright Act. *Prostar v. Massachi,* 239 F.3d 669 (5th Cir.2001). In applying the *Lampf* hierarchical inquiry, the Fifth Circuit concluded that: (1) the essence of an action under sections 553 and 605 of the Cable Act is to discourage the theft of cable services; (2) the application of the state limitations period for the tort of conversion[5] would undermine the implementation of the Cable Act because the application of state conversion limitations periods in each of the fifty states would result in widely different limitations periods and "a single federal standard would eliminate these practical difficulties, facilitating resolution of the national problems" addressed by the Cable Act; and (3) the Copyright Act provides the appropriate federal-law analogue to Prostar's claims under the Cable Act. *Prostar,* 239 F.3d at 672–78.

In explaining why the Copyright Act provides a closer fit than conversion, the Fifth Circuit noted:

The Copyright Act and the [Cable Act] both protect proprietary rights in the context of cable transmissions. The Copyright Act prohibits infringement by anyone who violates any of the exclusive rights of the copyright owner. Infringement encompasses the unauthorized performance or display of motion pictures and other audiovisual works. Moreover the statute explicitly prohibits infringement in the context of secondary transmissions by cable systems. The unauthorized access and retransmission of cable broadcasting, which the [Cable Act] prohibits, does not actually deprive

---

**4.** Courts have concluded that the most analogous state-law claim is conversion reasoning that conduct in violation of sections 553 and 605 of the Cable Act essentially involves theft of a broadcast signal and using it for one's own benefit. *See Boom Town Saloon,* 98 F.Supp.2d at 963 (listing cases). The tort of

conversion has a two year statute of limitations in West Virginia. *See Cart v. Marcum,* 188 W.Va. 241, 423 S.E.2d 644 (1992).

**5.** Louisiana has a one year limitations period for conversion.

the licensee of its license. Whereas conversion requires the wrongful deprivation of one's property, the Copyright Act provides for liability when mere copying occurs, rendering it a more appropriate analogue to the [Cable Act].

*Prostar,* 239 F.3d at 678 (footnotes and internal citations omitted).

The Fifth Circuit "refuse[d] to interpret Congress's failure to articulate a statute of limitations for 47 U.S.C. §§ 553 and 605 as an inexorable command that courts apply state law" periods of limitations, thereby abrogating the holding in *Joe Hand Promotions, Inc. v. Lott,* 971 F.Supp. 1058 (E.D.La.1997),[6] in the process. *Prostar,* 239 F.3d at 677. Rather, the court cited with approval *Boom Town Saloon, Inc.,* 98 F.Supp.2d at 964; *Entertainment by J & J, Inc. v. Tia Maria Mexican Restaurant & Cantina, Inc.,* 97 F.Supp.2d 775, 779–80 (S.D.Tex.2000); and *That's Entertainment of Illinois, Inc. v. Centel Videopath, Inc.,* No. 93–C–1471, 1993 U.S.Dist LEXIS 19488, at *19–20 (N.D.Ill. Dec 9, 1993), cases in which the district courts held that the three year limitations period articulated in the Copyright Act governs claims brought under sections 553 and 605 of the Cable Act.

Of these district court cases, *Boom Town Saloon* is particularly instructive. There the court emphasized the multistate nature of causes of action under the

Cable Act, pointing out that "they involve communications in interstate commerce that can lead to violations taking place in multiple states, with the prospect of potential forum shopping if multiple state statutes of limitations were to apply." 98 F.Supp.2d at 963. *See also Entertainment by J & J. Inc.,* 97 F.Supp.2d at 779–80 (justifying applicability of the Copyright Act's three year limitations period under the *Lampf* factors).[7]

■ The reasoning in *Prostar* and *Boom Town Saloon* is persuasive. The Court will apply the three year limitations period borrowed from the federal Copyright Act to plaintiff's federal claims in the case at bar.

### IV.

The next question addresses when the three year limitations period began to run in this civil action. The defendants argue that the running of the statute was triggered as soon as the plaintiff had reason to suspect that the Bubaczs were selling illegal cable boxes. They point to a July 21, 1999 memo to the file by Lenny Hannigan in which he notes that the Bubaczs account was turned over to the FBI in October 1997 and a statement provided by Brian Barksdale, allegedly in October 1997, to Lenny Hannigan in which he discusses his knowledge of the Bubaczs' illegal cable

---

6.  *Lott* had applied Louisiana's one year statute of limitations for conversion to a § 605 claim brought by a distributor of pay-per-view boxing matches. Other cases following suit include *Kingvision Pay Per View v. Wilson,* 83 F.Supp.2d 914 (W.D.Tenn.2000) (applying Tennessee's three year limitations period for conversion), and *Kingvision Pay Per View, Ltd. v. Bowers,* 36 F.Supp.2d 915 (D.Kan.1998) (finding that Kansas state courts would apply Kansas's two year limitations period for conversion and not its one year limitations period for "actions upon statutory penalty" to claim arising from unauthorized interception and televising of boxing match).

7.  The Fifth Circuit rejected cases that, like the district court in *Lott,* had applied state statutes of limitations. *See Kingvision Pay Per View v. Wilson,* 83 F.Supp.2d 914 (W.D.Tenn. 2000) (applying Tennessee's three year limitations period for conversion); and *Kingvision Pay Per View, Ltd. v. Bowers,* 36 F.Supp.2d 915 (D.Kan.1998) (finding that Kansas state courts would apply Kansas's two year limitations period for conversion and not its one year limitations period for "actions upon statutory penalty" to claim arising from unauthorized interception and televising of boxing match).

activities. Time Warner, on the other hand, contends that it did not have the information necessary to prosecute this action until December 19, 1997, when the FBI executed a search warrant for the Bubaczs' home and seized various items.

■ The record establishes that the alleged Cable Act violations by the defendants continued until the FBI's search of their home and seizure of certain items on December 19, 1997. Because the defendants allegedly violated the Cable Act within the three years preceding the filing of this civil action on November 3, 2000, this civil action is not barred by the statute of limitations. *See generally CSC Holdings, Inc. v. J.R.C. Products, Inc.*, 78 F.Supp.2d 794, 802 (N.D.Ill.1999) (finding that defendants' § 553 violations were ongoing and suit was timely filed under the continuing violation doctrine). Accordingly, defendants' motion for summary judgment is **DENIED.**

In light of the Fourth Circuit's recent decision in *Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789 (4th Cir.2001),[8] the defendants, in their reply brief, raise the issue of whether the plaintiff is restricted to raising only Cable Act violations alleged to have occurred between November 3, 1997, and December 19, 1997. Because this issue is not properly before the Court at the present time, the parties are advised that they may raise it for consideration at a later date.

## V.

■ In its cross-motion for summary judgment, Time Warner contends that it is entitled to judgment as a matter of law because, in the affidavit attached to their motion for summary judgment, the defendants conceded that they violated the Cable Act prior to December 19, 1997. Although the Bubaczs do not contest Time Warner's inference that they have admitted their guilt, their affidavit states only that they have not violated the Cable Act since December 19, 1997; it does not categorically admit that they violated the Act before that date. Because at this time the Court lacks adequate information upon which to conclude, as matter of law, that the defendants violated the Cable Act, the plaintiff's cross-motion for summary judgment is premature and is **DENIED WITHOUT PREJUDICE.**

## VI.

For the reasons set forth above, the defendants' motion for summary judgment [Docket No. 17] is **DENIED** and the plaintiff's cross motion for summary judgment [Docket No. 18] is **DENIED WITHOUT PREJUDICE.**

It is so **ORDERED.**

The Clerk is directed to send a certified copy of this Order to all counsel of record.

---

8. In *Lyons,* the Fourth Circuit held that the limitations period for bringing copyright infringement claims is three years after the claim accrues and that a claim accrues when one has knowledge of the violation or is chargeable with such knowledge. 243 F.3d at 796.